589 A.2d 596

ALNETHA NESMITH AND QUEENIE NESMITH, PLAINTIFFS–
APPELLANTS, v. WALSH TRUCKING COMPANY AND
DONALD P. BRADEN, DEFENDANTS–RESPONDENTS.

Argued September 10, 1990—Decided February 14, 1991.

*Charles Sovel* argued the cause for appellants (*Freedman and Lorry,* attorneys; *Stanley B. Gruber,* on the brief).

*Walter Koprowski, Jr.* argued the cause for respondents (*Velardo & Koprowski,* attorneys).

PER CURIAM.

We reverse the judgment of the Appellate Division substantially for the reasons set forth in Judge Shebell's dissenting opinion. 247 *N.J.Super.* 360, 371–373, 589 *A.*2d 613, 619–620 (1989).

█ The standards for determining the permissible scope of expert testimony are set forth in *State v. Kelly,* 97 *N.J.* 178, 208, 478 *A.*2d 364 (1984):

Evidence Rule 56(2) provides that an expert may testify "as to matters requiring scientific, technical or other specialized knowledge if such testimony will assist the trier of fact to understand the evidence or determine a fact in issue." [*State v. Cavallo,* 88 *N.J.* 508, 516, 443 *A.*2d 1020 (1982).] In effect, this Rule imposes three basic requirements for the admission of expert testimony: (1) the intended testimony must concern a subject matter that is beyond the ken of the average juror; (2) the field testified to must be at a state of the art such that an expert's testimony would be sufficiently reliable; and (3) the witness must have sufficient expertise to offer the intended testimony.

To qualify as an expert, the witness must possess "peculiar knowledge or experience not common to the world which renders their opinions founded on such knowledge or experience" helpful to a trier of fact in deciding a fact in issue. *Rempfer v. Deerfield Packing Corp.,* 4 *N.J.* 135, 142, 72 *A.*2d 204 (1950).

█ Defendants' expert, who had substantial experience over many years in matters of traffic safety, was undoubtedly qualified to provide expert testimony about generic traffic-safety issues, particularly in view of the unusual characteristics of this site. If germane to the litigation, he could have offered an opinion on whether vehicular access to and from the pier and the movement of traffic on the pier had been adequately designed and delineated.

Judge Shebell believed that the trial court should not have permitted the expert to offer his opinion about which of the

parties could more readily have avoided the accident. He concluded that that testimony went beyond the scope of the expert's skill and competence. The invasion of the jury's deliberative responsibility by the form of the expert's testimony is exacerbated because the expert provided no factual basis for his opinion. He did not enunciate any traffic-safety principles, and he failed to explain which facts justified his conclusions. "An opinion is no stronger than the facts which support it." *Buckelew v. Grossbard*, 87 *N.J.* 512, 524, 435 *A.*2d 1150 (1981) (quoting *Parker v. Goldstein*, 78 *N.J.Super.* 472, 484, 189 *A.*2d 441 (App.Div.)), *certif. denied*, 40 *N.J.* 225, 191 *A.*2d 63 (1963). As this Court has repeatedly observed, "[A]n expert's bare conclusions, unsupported by factual evidence, [are] inadmissible." *Buckelew, supra*, 87 *N.J.* at 524, 435 *A.*2d 1150; *Johnson v. Salem Corp.*, 97 *N.J.* 78, 91, 477 *A.*2d 1246 (1984). That error was further compounded by the trial court's charge to the jury that an expert witness's "knowledge and experience are such as to * * * enable [him] to better form an opinion than could the jurors." Although the trial court later tempered that charge by informing the jury that it was to determine the weight to be given to the expert's testimony, the combination of the testimony and the court's instruction clearly had the potential to influence unduly the jury determination.

Reversed and remanded.

*For reversal and remandment* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed* —None.